UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14219-CIV-CANNON/MAYNARD

**EDGAR EDMUNDO ORTIZ,** and
**ELENA VICTORIA ZAVALETA DE ORTIZ**,

    Plaintiffs,
**v.**

**LARRY STACY HARRELL,** and
**EXCLUSIVE GLOBAL LOGISTICS, INC.**,

    Defendants**.**
_____/

**OMNIBUS ORDER ON DEFENDANTS' MOTION FOR ISSUANCE OF SUBPOENA ("MOTION TO ISSUE SUBPOENA") (DE 39), PLAINTIFFS MOTION FOR A PROTECTIVE ORDER ("MOTION FOR PROTECTIVE ORDER") (DE 40) AND DEFENDANTS' MOTION OF THIS COURT'S AUTHORITY TO ISSUE SUBPOENA AND ADDRESS DEFENDANTS' MOTION SEEKING THE ISSUANCE OF THE SUBPOENA ("MOTION TO OVERRULE PLAINTIFFS' OBJECTIONS") (DE 53)**

**THIS CAUSE** is before me upon Defendants Larry Stacy Harrell's and Exclusive Global Logistics, Inc.'s (collectively, "Exclusive Global's") Motion to Issue Subpoena (DE 39), Plaintiffs' (collectively, "the Ortizes'") Motion for Protective Order (DE 40), and Exclusive Global's Motion to Overrule Plaintiffs' Objections (DE 53) (collectively, "the Motions").[1]  The District Court has referred pretrial motions related to discovery to the undersigned pursuant to 28

---

[1] I construe Exclusive Global's latest motion (DE 53) in the instant discovery dispute as a motion to overrule Plaintiffs' objections to the subpoena at issue. Indeed, Exclusive Global expressly requests as relief, in part, "that this Court overrule plaintiffs' objections." DE 53 at 3. The Motion to Overrule Plaintiffs' Objections is unauthorized and includes no certification of conferral in violation of Local Rule 7.1(a)(3). S.D. Fla. L.R. 7.1(a)(3). Rather, I directed Exclusive Global to brief "this Court's authority to compel a third party's compliance with a subpoena not yet issued where compliance with the subpoena would occur outside the Southern District of Florida." DE 49. Nonetheless, given that the Ortizes had a full opportunity to respond (DE 56), I exercise my discretion to proceed by addressing the Motion to Overrule Plaintiffs' Objections on the merits. Counsel is cautioned, however, to ensure compliance with all directives and applicable rules going forward.

U.S.C. § 636 and the Magistrate Judge Rules for the United States District Court for the Southern District of Florida. DE 22. Having reviewed the Motions and the record in this case, the Motions are **DENIED** for the reasons set forth below.

### BACKGROUND

This case arises from the Ortizes' alleged injuries resulting from a collision on November 19, 2019 involving the Ortizes' automobile and Defendant Exclusive Global Logistics, Inc.'s truck. DE 5-1 at 4-5. As a result of the collision, the Ortizes bring negligence and related claims against the driver of the truck and against the employer trucking company. *Id.* at 5-9.

On November 19, 2021, Exclusive Global filed their Motion to Issue Subpoena requesting "that this Court issue a subpoena to Progressive [the Ortizes' insurer at the time of the accident] directing it to turn over its entire claims file relative to th[e] accident." DE 39 at 3. Exclusive Global served the Ortizes with notice of the proposed subpoena duces tecum directed to non-party Progressive American Insurance Company ("the Ortizes' Insurer" or "Insurer"). DE 39 at 2; DE 39-1. Exclusive Global attaches a copy of their proposed subpoena, which requests:

> Any and all records, INCLUDING ANY PIP RECORDS, concerning any claims made by **Edgar Edmundo Ortiz, Policy No.: 930445920; Insured: Edgar Edmundo Ortiz**; for personal injury and/or property damage benefits including, but not limited to medical bills and reports of treating and examining physicians, a copy of the policy, statements of claim, correspondence and notes, documents concerning any settlement, and any payments made on behalf of said plaintiff.

DE 39-1 at 6 (emphasis in original). The Subpoena is on a form indicating that issuance is from the "United States District Court for the Central District of Florida." DE 39-1 at 3. The subpoena is addressed to "Progressive American Insurance c/o CFO 200 E. Gaines St. Tallahassee, FL 32399." *Id.*

Exclusive Global's counsel contends that, during conferral, the Ortizes' counsel took the position that "all documents except PIP logs are protected by work-product privilege." DE 39 at 2. Exclusive Global also attaches the Ortizes' formally served objection, which states that Plaintiff Edgar Ortiz objects to the issuance of the subject subpoena on grounds that it is "overbroad and privileged" without further explanation. DE 39-2. Exclusive Global does not address the overbreadth objection; rather, they argue that the Ortizes lack standing to assert work-product privilege on behalf of their Insurer. DE 39 at 2. Exclusive Global also argues that "the Court should issue a subpoena to Progressive compelling them to turn over their entire file relative to this matter." *Id.* at 3. The Motion to Issue Subpoena, however, does not provide support for the Court's authority to compel the Insurer's compliance with a subpoena yet to be issued where compliance is expected to occur in a district other than the Southern District of Florida.[2]

In response, the Ortizes filed a Motion for Protective Order, which requests that the Court sustain their objection to Exclusive Global's subpoena as overbroad. DE 40 at 4. The Ortizes also seek an Order excluding from required production "the insurer's claim file, any investigative materials, [and] any statements made by [them] to any attorney, investigator, representative, and/or adjuster to their insurer." *Id.* The motion does not state under what authority that it seeks a protective order except to note that that Fed. R. Civ. P. 26(b) sets forth the work product doctrine. *Id.* at 2. The Ortizes explain that Exclusive Global has denied liability, blames Plaintiff Edgar Ortiz for the collision and made a claim for property damage against the Ortizes' Insurer. *Id.* at 1.

---

[2] The relief requested in the Motion to Issue Subpoena did not expressly seek to overrule the Ortizes' objections. Nor does the motion explain why it would be insufficient for Exclusive Global's counsel to issue the subpoena. *See* Fed. R. Civ. P. 45(a)(3) ("An attorney . . . may issue and sign a subpoena if the attorney is authorized to practice in the issuing court."). Rather, the motion appears to seek this Court's imprimatur to compel the insurer to produce its entire claims file. DE 39 at 3.

Therefore, because Exclusive Global made a claim against the Insurer, the Ortizes' counsel argues that, as he communicated to defense counsel, "some of [Plaintiff Edgar Ortiz's] file may be protected by attorney client privilege." *Id.* at 2. Counsel for the Ortizes further contends that "any statements, written or oral, notes, etc., would likewise be protected as [Plaintiff Edgar Ortiz] would be afforded a defense from [the Insurer] should [Exclusive Global] file a lawsuit against Mr. Ortiz." *Id.* The Ortizes, however, do not object to providing "the PIP Log, PIP EOBs, repair estimates and receipts, property damage repairs and receipts, photographs of the property damage, ECM/EDR and/or other downloads of the Ortizes' vehicle." *Id.* at ¶5.

On January 24, 2022, I held a Discovery Hearing. DE 51. Following the hearing, I issued an Order deferring a ruling on Exclusive Global's Motion to Issue Subpoena (DE 39) and, by implication, the related Motion for Protective Order (DE 40) pending additional briefing. DE 49. The Order specifically directed briefing on "the Court's authority to address the [Motion to Issue Subpoena] given that the subpoena has not yet been issued, and the place of compliance with the subpoena is anticipated to be in a district other than the district for this Court." *Id.*

On January 31, 2022, Exclusive Global responded by filing their Motion to Overrule Plaintiffs' Objections. DE 53. The motion explains that "F.R.C.P. 45(a)(2) states that the subpoena must issue from the court where the action is pending, which is what the defendants were requesting from this Court in their motion. *Id.* at ¶8. Also, Exclusive Global "does not seek for the Court to rule on any possible objections from [the Insurer], but only on plaintiffs' objections which it has authority to do." *Id.* at ¶10. Furthermore, Exclusive Global contends that "F.R.C.P., 45(d)(2)(B)(1), requires compliance within 100 miles of where the person/corporation regularly transacts business in person[,]" and "[the Insurer] transacts business throughout the State of Florida." *Id.* at ¶¶11-12. Exclusive Global then specifically requests that this Court overrule

4

Plaintiffs' objections and either: issue the subpoena or allow Exclusive Global to issue the subpoena. *Id.* at 3.

The Ortizes' response explains that that Fed. R. Civ. P. 45 provides that notice of a subpoena be served on each party, attaching a copy of the subpoena, before it is served upon its target to give an opposing party an opportunity to object before the compliance date. DE 56 at 1-2. Further, the Ortizes explain that Rule 45(a)(2) provides that "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." *Id.* at ¶¶8-9 (citing Fed. R. Civ. P. 45(a)(2)(B)(i)). The Ortizes note that the subpoena is directed to the Florida Department of Insurance in Tallahassee, Florida and argue that Exclusive Global has produced no evidence that compliance would occur within this Court's district. *Id.* at ¶9. The Ortizes also assert that they have sought a Protective Order based on privilege and that "[only] the court for the district where compliance is required would have the authority to quash or modify the subpoena." *Id.* at ¶¶10-11 (citing Fed. R. Civ. P. 45(a)(3) (iii) (stating that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies")). The Ortizes also contend that this Court may rule on their Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1) that allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at ¶¶12-13.

## **DISCUSSION**

"Under Federal Rule of Civil Procedure 45, a party may issue subpoenas to nonparties to produce documents and information." *Tuna Fam. Mgmt Inc. v. All Tr. Mgmt. Inc.*, No. 20-14017-CIV-SMM, 2021 WL 4877692, at *1 (S.D. Fla. Oct. 19, 2021) (citing Fed. R. Civ. P. 45(a)(1)(C). Subpoenas must issue "from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). "An

attorney . . . may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3).   Pursuant to Federal Rules of Civil Procedure 45(a)(1)(A)(iii) and 45(c)(2), "[e]very subpoena must command each person to whom it is directed to [produce documents, among other things,] at a specified time and *place*[,]" which *place* is limited to "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(c)(2) (emphasis added).  Indeed, as the 2013 Advisory Committee Notes state: "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment.

Accordingly, "subpoena-related motions [are] to be filed in the district where compliance with the subpoena is required." *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (citing Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Morrissey v. Subaru of America, Inc.*, No. 1:15-cv-21106, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015)).  For non-party corporations, courts find that "the place of compliance" is where a corporation is headquartered. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3 (S.D. Fla. Apr. 15, 2015) ("Because [the non-party corporation] is headquartered in Parsippany, N.J., [the place of compliance] is the District of New Jersey."); *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *1 (C.D. Ill. July 7, 2017) (finding jurisdiction to rule on a motion to quash where the non-party bank had its principal place of business within the district); *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (finding jurisdiction to compel Google to comply with a subpoena where "Google is headquartered"). *See also Cornelius v. Rollins Ranches, LLC*, No. 6:21-MC-167-WWB-DCI, 2022 WL 377996, at *2 (M.D. Fla. Jan. 10, 2022), *report and recommendation adopted sub nom. Cornelius v. Rollins Ranches, LLC*, No. 6:21-MC-167-WWB-

6

DCI, 2022 WL 376048 (M.D. Fla. Feb. 8, 2022) (noting that "[i]f Defendant's lawyers were permitted to manufacture jurisdiction [by requiring production at their offices], then any party could pick their venue for discovery litigation simply by requiring a non-party to produce documents at a particular location").

Furthermore, motions to overrule a party's objections to a subpoena "not yet served . . . are not yet ripe for the Court's review." *Yormak v. Yormak*, No. 2:14-CV-33-FTM-29CM, 2015 WL 1189845, at *4 (M.D. Fla. Mar. 16, 2015). Indeed, as the United States Supreme Court has stated, "[t]he guard, furnished to the President to protect him from being harassed by vexatious and unnecessary subpoenas, is to be looked for in the conduct of a district court *after* those subpoenas have issued; not in any circumstance which is to precede their being issued." *United States v. Nixon*, 418 U.S. 683, 714 (1974) (internal quotation marks and citation omitted) (emphasis added).

Here, Exclusive Global makes clear that it is seeking to overrule a party's objections to a subpoena not yet served. DE 53 (clarifying DE 39). On this basis alone, the motions (DE 39; DE 53) are due to be denied. *Yormak*, 2015 WL 1189845, at *4. I find additionally, however, that Exclusive Global seeks to evade Rule 45's requirement that "subpoena-related motions [are] to be filed in the district where compliance with the subpoena is required." *Hoog v. PetroQuest, LLC*, 338 F.R.D. at 517. I directed Exclusive Global to address this Court's authority because "the place of compliance with the subpoena is anticipated to be in a district other than the district for this Court." (DE 49). Exclusive Global, however, merely declares in a conclusory manner that "[the Insurer] transacts business throughout the State of Florida." DE 53 at ¶¶11-12. Such declaration is insufficient. Should Exclusive Global seek to compel compliance with a non-party subpoena that is actually issued to the Insurer, then it will need to demonstrate that the place of compliance

7

for the subpoena is within this district. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3. Moreover, it is unnecessary for the Court to grant to Exclusive Global's motions in order for a subpoena directed to the Insurer to issue because counsel for Exclusive Global is authorized under Fed. R. Civ. P. 45(a)(3) to issue and sign a subpoena.

Also, because Exclusive Global's motion to overrule the Ortizes' objections is not ripe, the Ortizes' Motion for Protective Order is premature and due to be denied. *Yormak*, 2015 WL 1189845, at *4. Additionally, as counsel for the Ortizes' observes, a Protective Order based on privilege must be heard by the court for the district where compliance is required because that court "would have the authority to quash or modify the subpoena." DE 56 at ¶¶10-11 (citing Fed. R. Civ. P. 45(a)(3) (iii) (stating that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies")). Therefore, if the subpoena had issued, the Ortizes acknowledge that they would need to seek relief on the basis of privilege in the district where compliance with the subpoena is required. The Ortizes also acknowledge that it appears that the place of compliance is not in this district. DE 56 at ¶¶9-11.

As for a protective order under Federal Rule of Civil Procedure 26(c), presuming a subpoena as contemplated here issues, "the party seeking the protective order must show good cause by demonstrating a particular need for protection because broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3099317, at *4 (S.D. Fla. Apr. 12, 2017) (internal quotation marks and citation omitted). Here, I find that the Ortizes have not made a showing of good cause because they fail to articulate a *specific* reason or need for protection. *See* DE 39-2 and DE 40 (generally asserting objections of overbreadth and privilege).

8

Therefore, even if the subject subpoena had issued, the Ortizes have not demonstrated that they are entitled to relief.

## CONCLUSION

Accordingly, for all of the reasons set forth above, it is **ORDERED AND ADJUDGED** that the Motions (DE 39; DE 40; DE 53) are **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 14th day of February, 2022.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE